Robert V. THOMPSON and James A.
Greenwood, Jr., Appellants
(Petitioners below),

v.

Margaret E. CONWELL, Appellee
(Defendant below).

No. 2993.

Supreme Court of Wyoming.

Aug. 10, 1961.

James A. Greenwood, Cheyenne, for appellant.

Pence & Millett, Laramie, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves conflicting applications for a grazing lease on state school lands consisting of Section 16, Township 34 North, Range 113 West of the 6th Principal Meridian, in Sublette County. A prior lease held by Margaret E. Conwell, appellee, expired and she applied for a new lease at the old rental of five cents per acre. Appellants, Robert V. Thompson and James A. Greenwood, Jr., also applied for a lease on the same section, offering ten cents per acre. The Commissioner of Public Lands, Ben D. Cossman, made a decision recommending to the Board of Land Commissioners that a lease be issued to Thompson and Greenwood, who made the higher offer, except that if Mrs. Conwell should meet the offer of Thompson and Greenwood, then the lease should be issued to Margaret E. Conwell, who was the old lessee. Appellee did meet the higher rental offer. Upon appeal to and after a full hearing by the Board of Land Commissioners, it notified the parties that it had considered the preferential right of the old lessee; that it further considered that the old lessee had not failed to make payments promptly, had not abused or misused the land; and that it was the unanimous decision of the Board that the Commissioner's decision be upheld and the lease be issued to Margaret E. Conwell.

Appeal was taken by the appellants, Thompson and Greenwood, to the district court in Sublette County. The parties stip-

ulated that the cause be submitted on the testimony and evidence contained in the transcript of the proceedings before the State Board of Land Commissioners and the exhibits received in evidence in such hearing. Thereupon the court, after oral arguments and briefs from the parties and a review of said evidence, found that the said Board did not act illegally, fraudulently, or with abuse of discretion, and that the decision of said Board should be affirmed. The appellants are now before this court on further appeal.

Appellants recognize in their brief that courts do not lease state lands. They admit that the judgment of the State Board of Land Commissioners in leasing state land cannot be questioned when the judgment is grounded on lawful action. They contend, however, that the old lessee in this case, appellee, did not own adjoining land while appellants did; that appellee did not need the land, while appellants did; that the granting of a lease to appellee was not of the greatest benefit to the State of Wyoming; and that for these reasons the action of the Board of Land Commissioners was a substantial abuse of discretionary authority and unlawful.

There is no substantial conflict in the evidence. The parties admit and agree that lands of the appellants join the section in dispute while appellee owns no adjoining land. Her husband owns some 987 acres of deeded land about one and one-half miles away. Also, appellants have made a strong showing to the effect that they need and could use said section to good advantage. They claim appellee has no need for it. In that regard the appellee's application for renewal shows that she and her husband intended to purchase cattle which were to be run on his deeded land and this state section. The husband testified to extensive improvements recently placed upon his deeded land and claimed that grazing land such as is provided by Section 16 is essential to make the holdings of Mr. and Mrs. Conwell a balanced and economic unit.

It is not necessary for us to determine who may have the greater need for the land in question. An old lessee is not required to show a greater need than all other applicants in order to claim a preference right for a new lease. Neither are we called upon to decide whether an old lessee should be given a first priority in cases where he has no need or use for the land at all. In the instant case there was substantial conflicting evidence before the Board on the question of appellee's need. Said evidence was sufficient to justify the Board in considering that appellee did have a bona fide need for the land, at least a future need. The particular school section here involved had been held by appellee or her family since 1928 and use had been made of it in times past.

If the conflict herein were decided upon the question as to what is the greatest benefit to the state, we would have to say such a determination was a matter within the sound discretion of the Land Board. In the absence of abuse of discretion or fraud or illegal action, none of which elements we find in this case, we would be compelled to uphold the lower court and the Board. See Rayburne v. Queen, 78 Wyo. 359, 326 P.2d 1108, 1111; Howard v. Lindmier, 67 Wyo. 78, 214 P.2d 737, 739; Banzhaf v. Swan Co., 60 Wyo. 201, 148 P.2d 225, 228.

The preference right to an old lessee in connection with the leasing of public lands owned by the state is provided for by § 36–66, W.S.1957. In a recent opinion, in Bosler v. McKechnie, Wyo., 362 P.2d 809, Chief Justice Blume reviewed the legislative history of this section and particularly the 1945 amendment enacted as ch. 34, S.L. of Wyoming, 1945. The conclusion reached was that the legislation on its face, in the absence of a violation of the lease, and when the rental has been paid, gives precedence to the right of renewal to a qualified person. A summary of previous decisions was made in that opinion, with emphasis upon those cases holding that effect must ordinarily be given to the preference right

of renewal. It was pointed out that this holding must be even truer under the legislation now in effect.

Portions of said § 36–66 which are particularly applicable to the case at bar are contained in the first and the last of five paragraphs. They read:

" * * * Except as herein provided, preference shall in all cases be given to applicants * * * having actual and necessary use for the land and who are the owners * * * of adjoining lands * * * ; provided, that an applicant who is the holder of an expiring lease * * * shall have a preferred right to renew such lease."

"Provided further, that the state board of land commissioners shall in the leasing of state agricultural lands lease all such lands in such manner and to such parties as shall inure to the greatest benefit to the state; provided, that an applicant who is the holder of an expiring lease * * * shall have a preferred right to renew such lease."

In the first paragraph quoted above, it is observed that the preference afforded to applicants having actual and necessary use for the land and who are the owners of adjoining lands is limited by the words "except as herein provided." Then it is expressly stated in a proviso clause that the owner of an expiring lease shall have a preferred right to renew such lease. That language clearly gives the old lessee the first priority ahead of applicants claiming on the basis of a need and owning adjoining lands.

Also, the second paragraph quoted above, which is the last paragraph of the section, qualifies all preferences which have gone before by making a further proviso that lands are to be leased to such parties as shall inure to the greatest benefit to the state. However, this qualification is itself limited by a proviso to the effect that the owner of an expiring lease shall have a preferred right to renew such lease. Therefore, even the legislative directive to lease for the greatest benefit to the state is still specifically made contingent upon the old lessee having a preferred right to renew his lease.

The leasing procedure set out in § 36–68, W.S.1957, corroborates to some extent our interpretation of the legislative intent expressed in § 36–66. Section 36–68 provides that if two or more qualified applicants offer the same and the highest rental for the same lands, "and no preference exists in the old lessee," then the lease is to be granted to the applicant who owns lands nearest to the lands applied for. On the other hand it is provided, "When a preference exists in the old lessee" he shall be given fifteen days' notice within which to file his acceptance and pay the balance of the rental for the first year. Thus, it appears from this language that an old lessee with a preference right will in all cases be given notice with an opportunity to file an acceptance and pay whatever balance of rental is due for the first year.

Realizing that constitutional considerations are paramount to legislative declarations upon such matters as the best interest of the state, Chief Justice Blume stated in the Bosler case that we need not say there are no exceptions to be made, but we find nothing (in that particular case) to justify the Board in denying the right of renewal. A fortiori it must follow in the case here at bar that the Board was justified in recognizing and allowing the right of renewal. We find nothing to compel an exception.

The judgment of the district court should be and it is affirmed.

Affirmed.