**Alfred RISHA, Appellant (Appellant-Applicant below),**

**v.**

**Marius WILLADSEN, Appellee (Appellee-Applicant below).**

**No. 3269.**

Supreme Court of Wyoming.

Dec. 22, 1964.

Harold L. Mai, Cheyenne, for appellant.

Richard F. Pickett, of Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Conflicting applications are here involved for the right to lease state lands consisting of all of Section 34, Township 14 North, Range 71 West, 6th Principal Meridian, Albany County, Wyoming, except for the SW¼SW¼ of such section.

The Commissioner of Public Lands recommended awarding the lease to applicant Alfred Risha. However, the Board of Land Commissioners gave the lease to applicant

Marius Willadsen, after he increased his rental offer to the same amount which had been offered by Risha. A timely appeal was taken by Risha to the district court, which approved the action of the Board. His appeal from the judgment of the district court is now before us.

There seems to be no material dispute of the facts. Risha admits that Willadsen was the last lessee of the lands in question, and he does not dispute that Willadsen had used the lands for many years. Willadsen's leases, however, had been from the United States, at first from the War Department and last from the Bureau of Land Management. The lands subsequently were deeded to the State of Wyoming and the conflicting applications for lease which are here involved resulted.

Risha contends Willadsen is not entitled to the preference allowed by law, under § 36–66, W.S.1957, to the holder of an expiring lease, because he was not the holder of an expiring lease from the State of Wyoming. It is recognized, by counsel for Risha, that § 36–66 does not expressly state that an applicant must be the holder of an expiring lease from the State of Wyoming in order to be entitled to a preference as the old lessee.

Arbitrary or capricious action on the part of the Board is not claimed, in the present case. Instead, it is argued that § 36–68, W.S.1957, in the absence of a former state lease, gives appellant-Risha an absolute preference, it being claimed that Risha owns land nearest to the lands applied for. The action of the Board for this reason, it is claimed, was illegal.

The relevant provisions of § 36–68, as far as this decision is concerned, are these:

"If two or more qualified applicants shall offer the same annual rental for the same lands * * * and no preference exists in the old lessee, * * * the board shall grant the lease to the applicant holding title to lands nearest to the lands applied for. * * *"

One of the difficulties with the argument made on behalf of Risha is that it fails to take into consideration the history of the two statutes which now constitute § 36–66 and § 36–68. In Mahoney v. L. L. Sheep Company, 79 Wyo. 293, 333 P.2d 712, 715, our court noted that we are obligated to construe all statutes on the subject of preferences in state leases in pari materia, and interpretation should apply as to the date of enactment.

Not only was the history of these two sections referred to in the Mahoney case, but it was referred to in Bosler v. McKechnie, Wyo., 362 P.2d 809, 813; and again in Thompson v. Conwell, Wyo., 363 P.2d 927, 928–929. The two sections were originally §§ 13 and 14, respectively, of Ch. 108, S.L. of Wyoming 1929. They appeared as §§ 91–113 and 91–114, respectively, in W.R.S.1931.

Since 1931, what is now § 36–66, W.S. 1957, has been twice amended. What is now § 36–68, W.S.1957, has not been amended. See Ch. 60, S.L. of Wyoming 1943; and Ch. 34, S.L. of Wyoming 1945.

Prior to the amendment in 1943, § 91–113, W.R.S.1931 (now § 36–66, W.S.1957), contained the following provision:

"* * * Except as herein provided, preference shall in all cases be given to applicants * * * having actual and necessary use for the land and holding title to lands in the vicinity of the land applied for * * *; provided, that an applicant who is the holder of an expiring lease, and has paid the rental when due, and has not violated the provisions of the lease, and is qualified under the provisions of § 91–109 [W.R.S.1931], shall have the right over and above all others to lease the lands covered by the expiring lease * * *."

The foregoing provision was changed by the 1943 amendment to read as follows:

"* * * Except as herein provided, preference shall in all cases be given to applicants * * * having actual and necessary use for the land and who are

the owners, lessees or lawful occupants of adjoining lands * * *; provided, that an applicant who is the holder of an expiring lease, and has paid the rental when due, and has not violated the provisions of the lease, and is qualified under the provisions of Section 91–109 [W.R.S.1931], shall have a preferred right to renew such lease."

Additionally, the 1943 law provided that all acts or parts of acts in conflict therewith were repealed.

In lieu of a preference *in all cases* to applicants "holding title" to lands in the vicinity, there was created in 1943 a preference *in all cases* to applicants who are owners, lessees or "lawful occupants" of adjoining lands. An over-all preferred right was recognized before and after the amendment for the holder of an expiring lease.

Certainly § 91–114, W.R.S.1931 (now § 36–68, W.S.1957), has been superseded, if not repealed, to such an extent as it might be construed as giving preference to one "holding title" to the nearest land, over and above "lawful occupants" of adjoining land.

The undisputed facts in the case at bar are that Risha owns land which corners on the land applied for. On the other hand, Sections 33 and 35 which join the land applied for, on either side, are owned by the Union Pacific Railroad Company and leased by it to Warren Livestock Company. Warren in turn allows Willadsen to graze these two sections, along with the land in controversy, in exchange for the privilege of trailing a few thousand head of sheep across Willadsen's property each year.

Risha's attorney realizes this court held in Brown v. Wintermute, 59 Wyo. 254, 139 P.2d 435, 438–439, that the word "title," as used in § 36–68, did not mean "fee title." The court said in that case that "title" may mean all the lesser estates in land. It was specifically held to include the owner of a lease. The attorney argues that Willadsen in this instance, however, had no lease or interest in the adjoining land but only a parol license or permission to graze livestock.

Even if we accept that line of reasoning, it still remains a fact that Willadsen was a "lawful occupant" of adjoining sections of land (33 and 35), as that term is now used in § 36–66; and § 36–66, with its preference *in all cases* for "lawful occupants" of adjoining land, has superseded § 36–68 to such extent as there may be a conflict, because of the amendment made in 1943 through the enactment of Ch. 60, S.L. of Wyoming 1943.

This makes it unnecessary for us to say whether Willadsen was entitled to a first preference as the holder of an expiring lease. He did show that he had use of the land, and in the absence of a legal preference over him being established by Risha, we would have no basis for setting aside the decision of the Board of Land Commissioners. Inasmuch as its decision was confirmed by the district court, we in turn affirm the judgment of that court.

Affirmed.